CORNELIUS N. BLISS and Others, Respondents, *v.* LEWIS M. HORN-
THAL, Appellant, Impleaded with Others.

CLEMENT A. AUFFMORDT and Others, Respondents, *v.* LEWIS M.
HORNTHAL, Appellant, Impleaded with Others.

THOMAS A. WHICHER and Others, Respondents, *v.* LEWIS M. HORN-
THAL, Appellant, Impleaded with Others.

*Open commission issued when there is a refusal to admit depositions taken under a
like commission in another action.*

On appeal from an order granting a motion made by a plaintiff for an open com-
mission, it appeared that an open commission was issued by consent in another·
action between another plaintiff and the same defendant, involving practically
the same issues, upon the execution of which the defendant was represented by
counsel, and had an opportunity of cross-examining the witness, and that the
defendant by permitting the testimony, already taken in such other action, to
be used upon the·trial of the action in question, subject to all proper objections,
could avoid a commission either open or upon interrogatories.

*Held*, that the defendant (by refusing to consent to the reading of such testimony
so taken) had no ground of complaint against an order granting the plaintiff's
motion for an open commission, there being no claim made that the former
examination was not proper and fair and exhaustive, and no good reason being
given why the testimony so taken could not be used.

APPEAL by the defendant, Lewis M. Hornthal, from three several
orders of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York
on the 14th day of March, 1895, granting the several plaintiffs'
motions for the issuance of open commissions unless the appellant
stipulate that certain depositions taken in an action brought by
another plaintiff against the appellant with the exhibits thereto
attached or therein referred to might be read in evidence on behalf
of the plaintiffs in the present actions upon the trial thereof, except
that the deposition of no one of such witnesses who might be per-
sonally present at the trial of the action should be read.

*John V. Bouvier, Jr.*, for the appellant.

*Charles E. Hughes*, for the respondents.

PER CURIAM:

The strongest argument against an open commission is, that with
the names of the witnesses and the knowledge to be derived from

the open commission taken in the case of Bailey against this defendant, now on file, plaintiffs are in a position to formulate the necessary interrogatories. If, however, the labor of framing numberless interrogatories can be avoided, it should be. The defendant by permitting the testimony already taken to be used upon the trial, subject to all proper objections, can avoid a commission either open or upon interrogatories. Without passing upon the question whether in such a case as this an open commission should be issued, we think, upon the fact appearing that one has been issued by consent in a case between another plaintiff and this defendant, involving practically the same issues, upon which defendant was represented by counsel and had the opportunity of cross-examining the witnesses, that unless he consents to the reading of the testimony so taken he has no just subject of complaint. There is no claim made that the former examination was not proper and fair and exhaustive, nor is any good reason given why the testimony so taken could not be used.

The orders should be affirmed, with ten dollars costs in each case and disbursements.